**Trident Trust Group John Doe Summons Declaration of Randy Hooczko**

# EXHIBIT A

# Summons

| | |
|---|---|
| In the matter of | Liability of John Does* |
| Internal Revenue Service *(division)* | Large Business & International Division |
| Industry/Area *(name or number)* | Withholding, Exchange & International Individual Compliance, |
| Periods | Years ending 12/31/2014 through 12/31/2023 |

**The Commissioner of Internal Revenue**

To  TT (USA) Holdings, Inc.

At  1100 Abernathy Road NE, 500 Northpark Building, Suite 300, Atlanta, GA 30328

You are hereby summoned and required to appear before  Internal Revenue Agent Randy Hooczko or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment.

\*  "JOHN DOES", United States taxpayers who, at any time during the years ended December 31, 2014, through December 31, 2023, used the services of Trident Trust, including its predecessors, subsidiaries, divisions, affiliates, and associates to establish, maintain, operate, or control any foreign financial account or other foreign asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear**

9350 Flair Drive, 3rd Floor - c/o Group 1552, El Monte, CA 91731; Telephone: (626) 927-1343

**Place and time for appearance at**  Internal Revenue Service, 401 West Peachtree Street, Atlanta, GA 30308

on the _____ day of _____, 202____ at 10:00 _____ o'clock a____ .m.
    *(year)*

**Issued under authority of the Internal Revenue Code this** _____ day of _____, 202____
    *(year)*

| Signature of issuing officer | Title |
|---|---|
| | Program Manager |
| Signature of approving officer *(if applicable)* | Title |
| | |

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - **Internal Revenue Service**
**Original** — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates
(Pursuant to Section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on

| Date | Time |
|---|---|
|  |  |

**How Summons Was Served**

☐ 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed

☐ 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)* _____

☐ 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address  TT (USA) Holdings, Inc.
1100 Abernathy Road NE, 500 Northpark Building, Suite 300, Atlanta, GA 30328

☐ 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, *(e.g. facsimile transmission)*

| Signature | Title |
|---|---|
|  |  |

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|---|---|
|  |  |

Name of noticee

Address of noticee *(if mailed)*

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person *(if any)*

☐ I gave notice by handing it to the noticee

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned

☒ No notice is required

| Signature | Title |
|---|---|
|  |  |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  |  |

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - **Internal Revenue Service**

# Summons

In the matter of  Liability of John Does*
Internal Revenue Service *(division)*  Large Business & International Division
Industry/Area *(name or number)*  Withholding, Exchange & International Individual Compliance ,
Periods  Years ending 12/31/2014 through 12/31/2023

**The Commissioner of Internal Revenue**

To  TT (USA) Holdings, Inc.
At  1100 Abernathy Road NE, 500 Northpark Building, Suite 300, Atlanta, GA 30328

You are hereby summoned and required to appear before  Internal Revenue Agent Randy Hooczko or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment.

* "JOHN DOES", United States taxpayers who, at any time during the years ended December 31, 2014, through December 31, 2023, used the services of Trident Trust, including its predecessors, subsidiaries, divisions, affiliates, and associates to establish, maintain, operate, or control any foreign financial account or other foreign asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity.

**Attestation**

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

| Signature of IRS officer serving the summons | Title |
|---|---|
| | |

**Business address and telephone number of IRS officer before whom you are to appear**
9350 Flair Drive, 3rd Floor - c/o Group 1552, El Monte, CA 91731; Telephone: (626) 927-1343

**Place and time for appearance at**  Internal Revenue Service, 401 West Peachtree Street, Atlanta, GA 30308

on the _____ day of _____, 202____ at 10:00_____ o'clock a_____ .m.
                                        *(year)*

**Issued under authority of the Internal Revenue Code this** _____ day of _____, 202____
                                                                                *(year)*

| Signature of issuing officer | Title |
|---|---|
| | Program Manager |
| Signature of approving officer *(if applicable)* | Title |
| | |

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - **Internal Revenue Service**
**Part A** — to be given to person summoned

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.

(1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which—

(A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and

(B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection

(A) In general. -A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers.

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. -This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421 (g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Notice of Payment Information for Recipients of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

### Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - **Internal Revenue Service**
**Part B** — to be given to person summoned

# Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. -In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirement in the case of a John Doe summons. Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

The Secretary shall not issue any summons described in the preceding sentence unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons referred to in paragraph (2) to comply with one or more provisions of the internal revenue law which have been identified for purposes of such paragraph.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

# Summons

In the matter of  Liability of John Does*
Internal Revenue Service *(division)*  Large Business & International Division
Industry/Area *(name or number)*  Withholding, Exchange & International Individual Compliance,
Periods  Years ending 12/31/2014 through 12/31/2023

**The Commissioner of Internal Revenue**

To   TT (USA) Holdings, Inc.
At   1100 Abernathy Road NE, 500 Northpark Building, Suite 300, Atlanta, GA 30328

You are hereby summoned and required to appear before  Internal Revenue Agent Randy Hooczko or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment.

\*  "JOHN DOES", United States taxpayers who, at any time during the years ended December 31, 2014, through December 31, 2023, used the services of Trident Trust, including its predecessors, subsidiaries, divisions, affiliates, and associates to establish, maintain, operate, or control any foreign financial account or other foreign asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear**
9350 Flair Drive, 3rd Floor - c/o Group 1552, El Monte, CA 91731; Telephone: (626) 927-1343

**Place and time for appearance at**  Internal Revenue Service, 401 West Peachtree Street, Atlanta, GA 30308

on the _____ day of _____, 202___ at 10:00 _____ o'clock a ____ .m.
                                    *(year)*

**Issued under authority of the Internal Revenue Code this** _____ day of _____, 202___
                                                                                  *(year)*

| Signature of issuing officer | Title |
| --- | --- |
| | Program Manager |
| Signature of approving officer *(if applicable)* | Title |
| | |

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - **Internal Revenue Service**
**Part C** — to be given to noticee

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

   (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

   (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

   (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.

   (1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which—

     (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and

     (B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

   (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

   (3) Exceptions. - This subsection shall not apply-

     (A) to any contact which the taxpayer has authorized,

     (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

     (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

   (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

   (2) Justice Department referral in effect. - For purposes of this subsection

     (A) In general. -A Justice Department referral is in effect with respect to any person if-

       (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

       (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

     (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

       (i) the Attorney General notifies the Secretary, in writing, that

         (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

         (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

         (III) he will discontinue such a grand jury investigation.

       (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

       (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

   (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers.

   (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

   (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

     (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

     (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

     (C) Any person extending credit through the use of credit cards or similar devices;

     (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

     (E) any attorney;

     (F) any accountant;

     (G) any barter exchange (as defined in section 6045(c)(3));

     (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

     (I) any enrolled agent; and

     (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

   (1) fees and mileage to persons who are summoned to appear before the Secretary, and

   (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if

   (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

   (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. -This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421 (g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

| To | Date |
|---|---|
| Address | |

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

**General Directions**

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

**Instructions for Preparing Petition to Quash**

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

**Suspension of Periods of Limitation**

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - **Internal Revenue Service**
**Part D** — to be given to noticee

### Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. -In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirement in the case of a John Doe summons. Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

The Secretary shall not issue any summons described in the preceding sentence unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons referred to in paragraph (2) to comply with one or more provisions of the internal revenue law which have been identified for purposes of such paragraph.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

## Suspension of Corporate Taxpayer's Period of Limitations on Assessment If a Court Proceeding is Brought Regarding a Designated or Related Summons

The IRS may issue designated or related summonses to examine the tax liability of certain corporations. A designated summons will be identified by a statement at the top of the summons that reads: "This is a designated summons pursuant to IRC 6503(j)." A related summons will be identified by a similar statement at the top of the summons indicating that it is a related summons issued pursuant to I.R.C. sec. 6503(j).

If you are a corporate taxpayer and the IRS has issued a designated or related summons to investigate your tax liability, your period of limitations on assessment will be suspended if a court proceeding concerning the summons is begun. This suspension will be effective on the day the court proceeding is brought. If the court orders any compliance with the summons, the suspension will continue until 120 days after the summoned person finally resolves his response to the summons. If the court does not order any compliance with the summons, then the period of limitations will resume running on the day after final resolution (but the period of limitations will not expire before the 60th day after final resolution).

To obtain information about the dates of the suspension under section 6503(j), you can contact the IRS officer before whom the person summoned is to appear. The officer's name and telephone number are identified on the summons.

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - **Internal Revenue Service**

**Part E** — to be given to the corporate taxpayer only if this is a designated or related summons

## Sec. 6503(j). Extension in case of certain summonses

(1) In general.

If any designated summons is issued by the Secretary to a corporation (or to any other person to whom the corporation has transferred records) with respect to any return of tax by such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated industry case program (or any successor program) of the Internal Revenue Service, the running of any period of limitations provided in section 6501 on the assessment of such tax shall be suspended—

(A) during any judicial enforcement period—

(i) with respect to such summons, or

(ii) with respect to any other summons which is issued during the 30-day period which begins on the date on which such designated summons is issued and which relates to the same return as such designated summons, and

(B) if the court in any proceeding referred to in paragraph (3) requires any compliance with a summons referred to in subparagraph (A), during the 120-day period beginning with the 1st day after the close of the suspension under subparagraph (A).

If subparagraph (B) does not apply, such period shall in no event expire before the 60th day after the close of the suspension under subparagraph (A).

(2) Designated summons For purposes of this subsection—

(A) In general. The term "designated summons" means any summons issued for purposes of determining the amount of any tax imposed by this title if—

(i) the issuance of such summons is preceded by a review and written approval of such issuance by the Commissioner of the relevant operating division of the Internal Revenue Service and the Chief Counsel which—

(I) states facts clearly establishing that the Secretary has made reasonable requests for the information that is the subject of the summons, and

(II) is attached to such summons,

(ii) such summons is issued at least 60 days before the day on which the period prescribed in section 6501 for the assessment of such tax expires (determined with regard to extensions), and

(iii) such summons clearly states that it is a designated summons for purposes of this subsection.

(B) Limitation.

A summons which relates to any return shall not be treated as a designated summons if a prior summons which relates to such return was treated as a designated summons for purposes of this subsection.

(3) Judicial enforcement period. For purposes of this subsection, the term "judicial enforcement period" means, with respect to any summons, the period—

(A) which begins on the day on which a court proceeding with respect to such summons is brought, and

(B) which ends on the day on which there is a final resolution as to the summoned person's response to such summons.

(4) Establishment that reasonable requests for information were made. In any court proceeding described in paragraph (3), the Secretary shall establish that reasonable requests were made for the information that is the subject of the summons.

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

## Definitions

Wherever used in this summons, the following terms (whether or not capitalized) have the meanings set forth below.

A. "Trident Trust Group" means a collective group of entities operating globally mainly under the name "Trident," its predecessors, subsidiaries, divisions, affiliates, and associates, which includes TT (USA) Holdings, Inc.; Trident Corporate Services, Inc.; Trident Fund Services, Inc.; Trident Trust Company (South Dakota), Inc.; Trident Corporate Services (USA) LLC; Trident Trust Company (Anguilla) Limited; Trident Corporate Services (Bahamas) Limited; Trident Trust Company (Bahamas) Limited; Trident Corporate Services (Barbados) Limited; Trident Corporate Services Brazil Ltda; Trident Trust Company (BVI) Limited; Trident Fund Services (BVI) Limited; Trident AR (BVI) Limited; Trident Insurance Management (BVI) Limited; Integritas (Canada) Trustee Corporation Limited; TT Services (Canada) Limited; Trident Trust Company (Cayman) Limited; Trident Corporate Services (Shanghai) Co. Limited; Trident Trust Company (Cyprus) Limited; Trident Trust Company (UAE) Limited; Trident Fund Services (DIFC) Limited; Trident Trust Company (Guernsey) Limited; Trident Corporate Services (Asia) Limited; Trident Trust Company (HK) Limited; Trident Fund Services (HK) Limited; Trident Trust Company (IOM) Limited; Trident Services (IOM) Limited; Trident Trust Company Limited; Trident Trust Company (Luxembourg) S.A.; Client Audit Services S.A.; Trident Corporate Services (Malta) Limited; Trident Trust Company (Malta) Limited; Trident Fund Services (Malta) Limited; Trident Trust Company (Mauritius) Limited; Meridian Trust Company Limited; Morning Star Holdings Limited; Trident Trust Company (Nevis) Limited; Trident Trust Company (NZ) Limited; Trident Trust (Panama) S.A.; Trident Corporate Services (Panama) S.A.; TT & Asociados S.A.; Trident Trust Company (Seychelles) Limited; Trident Corporate Services (Singapore) Pte. Limited; Trident Trust Company (Singapore) Pte. Limited; Trident Fund Services (Singapore) Pte. Limited; Trident Shared Services (Singapore) Pte. Limited; Trident Corporate Services S.A.; Integritas Services S.A.; Trident Corporate Services A.G.; Trident Trust (Switzerland) A.G.; Trident Corporate Services (Spain) SL; Trident Trust Company (UK) Limited; Trident Company Services (UK) Limited; Trident Corporate Services (Uruguay) S.A.; and Trident Trust Company (VI) Limited.

B. "TT-USA" means TT (USA) Holdings, Inc., and any or all of its officers, employees, agents, or affiliates.

C. "Database" means all client records maintained electronically by TT-USA and its affiliates and accessible by TT-USA and its affiliates located in the United States including, but not limited to, those records maintained at any time on a "Clientele Database."

D. "Documents" means any electronic, written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving

1

thought or expression, recording events or activities, and all tangible things from which information can be processed or transcribed, including, but not limited to:

    1) Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, wire instructions, and electronic mail; and

    2) Video and/or audio tapes, cassettes, films, microfilm, spreadsheets, databases, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form.

E. "Domestic" means within the United States, its territories, and possessions.

F. "Financial account" means a bank account, securities account, or other account at a financial institution, including any account described in 31 C.F.R. § 1010.350(c)(1)-(3).

G. "Foreign" means any locations outside of the United States and its territories and possessions.

H. "Foreign Entity" means a corporation, limited liability company, international business company, personal investment company, partnership, trust, anstalt, stiftung, or any other legal entity created under the laws of a jurisdiction other than the United States.

I. "Offshore" has the same meaning as "Foreign" in Item G, above.

J. "Summons Period" means January 1, 2014, through December 31, 2023.

K. "United States Taxpayer" or "U.S. Taxpayer" means any person with an address or telephone number in the United States or who is known to TT-USA, or to any of its officers, employees, agents, or affiliates, through business records, know-your-customer practices, or any other means to be a United States citizen or resident.

L. References to the singular include the plural, and references to the plural include the singular.

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

## Documents Relating to Financial Accounts of United States Taxpayers

Please provide records of all United States Taxpayers who used the services of Trident Trust Group to establish, maintain, operate, or control any (1) foreign financial account or other foreign asset; (2) foreign entity; or (3) foreign or domestic financial account or other asset in the name of such foreign entity. Unless otherwise stated below, provide Documents that were created during the Summons Period or pertain to events that occurred during the Summons Period. Some requests specify that Documents are to be provided "regardless of date," in which case you must provide all responsive Documents without regard to when the Document was created or the date of the activity reflected in the Document.

1. All data and Documents maintained in a Database or by other means relating to U.S. Taxpayer clients. These Documents include, but are not limited to, contact reports which include contact information, addresses, client notes, client questionnaires, reference letters, and/or client account history.

2. Know your customer files or similar Documents and records that relate to U.S. Taxpayer clients and are required for anti-money laundering purposes. These Documents include certifications of beneficial ownership and other documents identifying each United States account holder, beneficial owner, or authorized signatory by name, address, telephone number, date of birth, or Taxpayer Identification Number, including a driver's license and passport, regardless of date.

3. All books, papers, records, or other data related to services provided to U.S. Taxpayer clients, regardless of date. These documents include, but are not limited to:

    a) Client account opening forms and documents, including copies of U.S. passports and other identification documents;
    b) Documents prepared or obtained when setting up foreign financial accounts, foreign entities, and/or offshore merchant accounts;
    c) Client signature cards, powers of attorney, and/or other written authorizations; and
    d) Completed client application for business package purchased, including the service arrangement purchased.

4. Documents reflecting account activity for U.S. Taxpayer clients during the Summons Period. These Documents include, but are not limited to, monthly or other periodic statements, monthly or other periodic invoices listing client names and/or client entity names and services provided, and records of wire transactions, including wire transfer orders and confirmations and other similar records of all wire transfers into and out of clients' accounts indicating the originator, originator's bank, beneficiary, beneficiary's bank, intermediary banks, ordering party, date and amount, and all reference information for parties to the transfer.

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

5.  All memorandum files and/or desk files maintained by TT-USA, regardless of date, regarding the establishment of all foreign entities and/or foreign financial accounts and:

> a)  reflecting communications between TT-USA and other entities in the Trident Trust Group and its U.S. Taxpayer clients; or
>
> b)  documenting actions taken pursuant to directions received directly or indirectly from a U.S. Taxpayer or another entity in the Trident Trust Group.

6.  Documents, regardless of date, reflecting that TT-USA established, maintained, monitored, or managed a foreign entity or financial account on behalf of a U.S. Taxpayer client at the request of another Trident Trust Group entity or based on a referral to or from such entity. These Documents include, but are not limited to, records of any TT-USA office initiating, processing, or receiving such referrals, including specifically:

> a.  Documents identifying all U.S. Taxpayer client entities and accounts established; and
>
> b.  Documents reflecting communications between any other Trident Trust Group entity and TT-USA concerning all U.S. Taxpayer client entities and accounts established.

7.  For all foreign entities, and for all domestic entities formed as part of a foreign structure, established, maintained, monitored, or managed by TT-USA for a Trident Trust Group U.S. taxpayer client, please provide the following Documents:

> a)  Articles of Incorporation, regardless of date;
> b)  Bylaws, regardless of date;
> c)  All Documents identifying past and current officers, regardless of date;
> d)  Board minutes and resolutions, regardless of date;
> e)  Instructions directing the transfer, payment, or other movement of funds, whether via email, facsimile, mail, memoranda, or summaries of telephone conversations;
> f)  Beneficial ownership and know-your-customer identification information;
> g)  Nominee agreements entered into by the Trident Trust Group and/or any client entity, regardless of date;
> h)  Confirmations of entity's existence, regardless of date;
> i)  Letters of wishes, letters of intent, letters of instruction;
> j)  Records memorializing "hold mail" instructions;
> k)  All Trident Trust Group Company Reports;

4

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

    l)      Certificates of Dissolution;
    m)    Certificates of Incumbency;
    n)     Appointments of Protectors;
    o)     Client information forms and questionnaires;
    p)     Documents identifying all assets and/or property transferred into a foreign entity, regardless of date;
    q)     Invoices billed to clients, regardless of method of payment; and
    r)      For all invoice payments made online by clients via credit or debit card to TT-USA or to another entity in the Trident Trust Group through TT-USA, Documents reflecting the billing information captured from online card payments, including each client's individual or company name, address, city, state, zip code, country, phone number, email address, invoice reference number, entity name to which the billing relates, and any other extra messages or instructions.

8.    For all foreign trusts established, maintained, monitored, or managed by TT-USA for Trident Trust Group U.S. Taxpayer clients, please provide the following Documents for the Summons Period, or other period stated:

    a)     The governing instrument for the trust, with all attachments, schedules, and amendments, regardless of date;
    b)     Minutes of all meetings of the Board of Trustees, regardless of date;
    c)     All operating manuals and/or other instructions, including letters of wishes, which describe the operation of the trust, regardless of date;
    d)     All Documents containing the name, address, telephone number, and/or Taxpayer Identification Number for all current and/or former trustees of all trusts, regardless of date;
    e)     All Documents containing the name, address, telephone number, and/or Taxpayer Identification Number of trust beneficiary, regardless of date;
    f)      All Documents identifying the assets and/or property settled to or otherwise transferred to the trust, regardless of date;
    g)     All Documents related to financial accounts in the name of the trust, including statements, wire transfers, canceled checks, and deposit slips;
    h)     Trust Client Information Forms and questionnaires;
    i)      All internal Trident Trust Group Trust Reports;
    j)      All Documents related to the distribution of trust income and/or corpus;
    k)     All Documents related to the acquisition, use, or disposition of all trust assets, regardless of date; and

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

      l)      All Documents related to all loans obtained by the trust, including disbursement of loan proceeds, repayment schedules, and payments of loan principal and interest.

### Instructions for Production of Electronically Stored Records

If the records requested herein are stored in your record retention systems and/or by your technology, data, or other providers, they should be produced on electronic media according to the following criteria:

1. Exported Database Data
    a. Exported database data relating to transactions shall be produced within a data file:
        i. Using a delimited ASCII text data format; or
        ii. Using software that can export to a commonly readable, nonproprietary file format without loss of data.
        iii. If text data is stored in a format readable only by proprietary software, provide a copy of software necessary to enable the data to be retrieved, manipulated, and processed by a computer.
    b. Exported database files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, amount, etc.)

2. Imaged Productions
    a. All scanned paper and electronic file collections shall be produced in a structured format including industry standard load files, Bates numbered image files, native files and searchable document level extracted text files.
    b. Electronic productions cannot be submitted via Secure File Transfer. The IRS also cannot accept productions made using file sharing sites such as Google Drive, Microsoft Office 365 or Dropbox.

3. Encryption/Authentication
    a. Electronically stored records may be transmitted in an encrypted container using WINZIP or PKZIP compressed archive. Decryption keys and/or passwords shall be produced electronically, separately and at the time the data is produced.
    b. All metadata associated with native documents, emails, and media files must be maintained, including, but not limited to, MD5 Hash values.

### General Instructions

For purposes of this summons, you are required to produce all documents described herein, that are in your possession, custody, or control, to the extent that you have access or can access the documents without request to a foreign entity.

**In the Matter of the Tax Liabilities of John Does**
**Attachment to Form 2039 Summons to TT (USA) Holdings, Inc.**

     If you have questions about the format in which to provide electronic data, please contact Senior Revenue Agent Randy Hooczko by telephone at (626) 927-1343 or email at Randy.Hooczko@irs.gov.

     Before you produce any of the above-listed records, please contact Senior Revenue Agent Randy Hooczko by telephone at (626) 927-1343 to discuss the terms of compliance.

     The personal appearance requirement is waived when the requested information is furnished by mail to Senior Revenue Agent Randy Hooczko at Internal Revenue Service, Attn: Randy Hooczko, 9350 Flair Drive, 3rd Floor – c/o Group 1552, El Monte, CA 91731 or via electronic means upon coordination with Senior Revenue Agent Randy Hooczko by telephone at (626) 927-1343 or email at Randy.Hooczko@irs.gov.