IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States taxpayers who, at any time during the years ended December 31, 2014, through December 31, 2023, used the services of the Trident Trust Group, including its predecessors, subsidiaries, divisions, affiliates, and associates to establish, maintain, operate, or control any foreign financial account or other foreign asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity. | CIVIL ACTION NO.<br>1:24-mi-00126-SEG-RDC |

## **ORDER**

Before the Court is the United States of America's *ex parte* petition for leave to serve "John Doe" summonses (the "Petition") pursuant to Sections 7609(f) and 7609(h) of the Internal Revenue Code. (Doc. 1). By way of its Petition, the Internal Revenue Service ("IRS") seeks permission to issue and serve a John Doe summons on TT (USA) Holdings, Inc., Trident Corporate Services, Inc., and Trident Fund Services, Inc. (collectively "TT-Group"). Based upon a review of the Petition and

supporting affidavit, the undersigned finds that the United States has established that:

1. As all three members of the TT-Group have offices located in Atlanta, Georgia and do business in this state, (*see* Hooczko Decl. ¶¶ 66–68), this Court has jurisdiction to determine whether to issue a summons under Section 7609(f). *See* 26 U.S.C. § 7609(h).

2. As required by 26 U.S.C. § 7609(f)(1), the summons relates to the investigation of an ascertainable group or class of persons, that is, U.S. taxpayers who from 2014 to 2023 used the services of the TT-Group, including its predecessors, subsidiaries, and associates, to establish, maintain, operate, or control any foreign financial account or other foreign asset, foreign corporation, company, trust, foundation, or other legal entity, or any foreign or domestic financial account or other asset in the name of such foreign entity.

3. As required by 26 U.S.C. § 7609(f)(2), there is a reasonable basis for believing that U.S. taxpayers utilizing the services of the TT-Group may have failed to comply with various provisions of the internal revenue laws.

4. As required by 26 U.S.C. § 7609(f)(3), the information to be obtained from the testimony and examination of the records (and the identities of the

persons with respect to whose liabilities the summons are issued) are not readily available from other sources.

The Court also finds that the information sought from the proposed summons is narrowly tailored to information that pertain to the failure or potential failure of the class to comply with internal revenue laws. *See* 26 U.S.C. 7609(f).

Because the Government has met its burden to demonstrate that a John Doe summons should issue, the Petition, (Doc. 1), is **GRANTED**. It is hereby **ORDERED** that the IRS, through Senior Revenue Agent Randy Hooczko or any other authorized officer or agent, may serve IRS "John Doe" summonses upon the Summonsed Parties in substantially the form as attached as Exhibits A through C to the Declaration of Randy Hooczko. A copy of this Order shall be served together with each summons.

IT IS SO **ORDERED** on this 27th day of January 2025.

*R. Cannon*
REGINA D. CANNON
United States Magistrate Judge